Timothy A. Adams, Bar No. 213896
Phillip W. VanAllsburg, Bar No. 276958
Madeline L. Knutson, Bar No. 348792
Andrea M. Blair Bar No. 346334
**TIMOTHY A. ADAMS & ASSOCIATES, APLC**
1930 Old Tustin Ave., Suite A
Santa Ana, CA 92705
Telephone: (714) 698-0239
Facsimile: (714) 698-0243

Attorneys for Plaintiff,
N.H.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| N.H.<br><br>Plaintiff,<br><br>vs.<br><br><br>GATEWAY COLLEGE & CAREER ACADEMY<br><br>Defendant.<br>_____ | CASE NO. 5:23-cv-1051<br><br>**COMPLAINT** |

## JURISDICTION AND VENUE

1. This action arises under the Individuals with Disabilities Education Act [20 U.S.C. § 1400 *et seq.*] ("IDEA")[1] and pendent state law as hereafter more fully appear. This court has jurisdiction under and by virtue of 20 U.S.C. § 1400 *et seq.*; 42 U.S.C. § 1983; 34 C.F.R. § 300 *et seq.*; 20 U.S.C. Section 1415(i)(3)(A) and Section 1415(i)(3)(B).

---

[1] The IDEA was reauthorized in 2004 as the Individuals with Disabilities Education Improvement Act ("IDEIA"). For simplicity and consistency with prior case law, this Complaint will refer to the statutory scheme as the IDEA.

**COMPLAINT**
- 1 -

2. Plaintiff N.H. ("Mother") is the parent of Plaintiff R.Q. ("Student"). At all times, relevant to this complaint, Mother resided in the State of California, County of Riverside. At all times relevant to this complaint, Student was a minor child residing in the State of California, County of Riverside with his mother.

3. Student is a child with a disability within the meaning of that term as defined under 20 U.S.C. § 1401(3)(A)(i) and is a child with exceptional needs within the meaning of that term as defined in Cal. Educ. Code § 56026, and therefore is entitled to receive special education and related services. Special education services are delivered to students through an individualized education program ("IEP") developed at a meeting by a team of individuals which include, at a minimum, the student's parents and school district personnel.

4. Defendant Gateway College & Career Academy ("Charter" and/or "Gateway") is a nonprofit corporation for the public benefit which operates as a charter public school located within the County of Riverside, State of California, and conducting business therein.

5. Pursuant to Federal Law, disputes under the IDEA are handled in an administrative "due process" hearing. 20 U.S.C. § 1415(f).

6. A prevailing parent in a due process matter is entitled to an award of attorneys' fees for the successful prosecution of that matter. 20 U.S.C. § 1415(i)(3)(B). The district courts of the United States shall have jurisdiction of actions brought under this section. 20 U.S.C. § 1415(i)(3)(A).

## FACTUAL ALLEGATIONS

7. Plaintiffs hereby incorporate and re-allege Paragraphs 1-6 above and incorporate the same as though fully set forth herein.

8. Student is a sixteen (16) year old boy who has resided with his Mother and Father within the boundaries of the District at all times relevant to this complaint.

**COMPLAINT**
- 2 -

9. Student is eligible for special education and related services as defined by the IDEA and by the District during all times relevant to this complaint.

10. On or about August 26, 2022, the Student filed a due process hearing request with the Office of Administrative Hearings ("OAH") – the state agency responsible for administering due process hearings. The District's August 29, 2022 due process complaint was designated OAH Case No. 2022080821.

11. In the OAH matter, Student raised four issues regarding whether the Charter denied Student a free appropriate public education ("FAPE").

12. In the consolidated matter, Student raised four issues, designated Issues 1 – 4 by OAH, (1) whether Gateway denied Student a FAPE by failing to develop an "administrative" individualized education program ("IEP") to provide Student services comparable to those within his last agreed upon and implemented IEP; (2) whether Gateway denied Student a FAPE by failing to convene an IEP team meeting to formally adopt Student's prior IEP within 30 days of Student's enrollment at Gateway; (3) whether Gateway denied Student a FAPE by failing to provide Student with a formal IEP document that outlined his goals, modifications, accommodations, and services; (4) whether Gateway denied Student a FAPE by offering an "informal program" that was insufficient to meet Student's unique needs in academic, occupational therapy, and speech and language.

13. The matter was heard by Administrative Law Judge ("ALJ") Jennifer Kelly on January 18, 19, 24, 25, 26, and 27, 2023.

14. ALJ Kelly rendered her decision on or about March 22, 2023, finding that Student was the prevailing party on two issues, issues three and four.

///
///
///
///

**COMPLAINT**
- 3-

# FIRST CAUSE OF ACTION
## AWARDING OF ATTORNEYS' FEES

1. Plaintiffs hereby incorporate and re-allege Paragraphs 1-14 above and incorporate the same as though fully set forth herein.

2. Charter has hereto refused to reimburse Student for successfully prevailing with regard to Issues three and four in the due process matter. Therefore, pursuant to 20 U.S.C. § 1415(i)(3), District should be ordered to make Plaintiffs whole by paying no less than $182.362.50 in reasonable attorneys' fees and costs.

## REQUESTS

WHEREFORE, Plaintiffs respectfully request the following relief:

    1) Gateway be ordered to fully reimburse Plaintiff for the reasonable attorneys' fees as a prevailing party in OAH Case No. 2022080821

    2) That, upon the successful prosecution of this matter, Parents be awarded their reasonable attorneys' fees as a prevailing party in this appeal.

    3) For such other and further relief as the Court deems just and proper.

Dated:  June 6, 2023        TIMOTHY A. ADAMS & ASSOCIATES, APLC

By: Phillip W. VanAllsburg /s/_____
Timothy A. Adams
Phillip W. VanAllsburg
Madeline L. Knutson
Andrea M. Blair
Attorneys for Plaintiff
N.H.