Timothy A. Adams, Bar No. 213896
Andrea M. Blair, Bar No. 346334
Madeline L. Knutson, Bar No. 348792
**TIMOTHY A. ADAMS & ASSOCIATES, APLC**
1930 Old Tustin Ave., Suite A
Santa Ana, CA 92705
Telephone: (714) 698-0239
Facsimile: (714) 698-0243

Attorneys for Plaintiff,
N.H.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| N.H.<br><br>Plaintiff,<br><br>    vs.<br><br><br>GATEWAY COLLEGE AND CAREER ACADEMY<br><br>Defendant.<br>_____ | CASE NO. 5:23-CV-01051-SSS-SHKx<br><br>Judge: Hon. Sunshine S. Sykes<br><br>Action Filed: June 6, 2023<br><br>**PLAINTIFF'S OPENING BRIEF** |

      Plaintiff hereby submits this Opening Brief in her pursuit of attorneys' fees related to an administrative decision from the Office of Administrative Hearings in a matter involving the Individuals with Disabilities Education Act.

///
///
///
///
///
///

# <u>TABLE OF CONTENTS</u>

**I.    PROCEDURAL BACKGROUND**………………………………………………5

    A. <u>A Prevailing Party Plaintiff is Entitled to Payment of her</u>
       <u>Reasonable Attorneys' Fees.</u>.…………………………………………...…7

**II.    ARGUMENT**………………………………………………………………...7

    A. <u>Plaintiff May Recover Attorneys' Fees as a Prevailing Party</u>………………7

    B. <u>Plaintiff Should be Awarded Attorneys' Fees Because the Number of Hours</u>
       <u>Spent on the Action and the Hourly Rates are Reasonable</u>…………………9

      1. **Total Number of Billable Hours Is Reasonable**………………..11

      2. **The Hourly Rates Sought by Plaintiff Reflect the Prevailing**
         **Market Rate in the Community**………........................................13

      3. **Plaintiff Was Forced to Pursue Attorneys' Fees in Court**
         **Because the Charter Refused to Pay a Reasonable Sum**………14

**III.    CONCLUSION**……………………………………………………… .15

# <u>TABLE OF AUTHORITIES</u>

<u>Federal Cases:</u>

*Abu-Sahyun v. Palo Alto Unified Sch. Dist.*, 843 F.2d 1250, 1252 (9th Cir. 1988)........8

*Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006)…………....………10

*Buckhannon Bd. Of Care Home, Inc. v. W. Va. Dept. of Health & Human Resources*, 532 U.S. 598, 121 S. Ct. 1835 (2001)…………………………………………………..8

*Camacho v. Bridgeport Fin. Inc.*, 523 F.3d 973, 979 (9th Cir. 2008)…………....……13

*Christensen v. Stevedoring Servs. Of Am.*, 557 F.3d 1049, 1053 (9th Cir. 2009)….......9

*City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)……………………..…….10

*Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009)……………………………10

*Cunningham v. Cnty. of Los Angeles*, 879 F.2d 481, 487 (9th Cir. 1988)……...……...10

*Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992)…………………………………..8, 9

*Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n. 4 (9th Cir. 2001)…....…..…10

*Hensley v. Eckert*, 461 U.S. 424, 435; 103 S.Ct. 1933, 1940 (1983)…………..……10

*Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011)………………………......13

*Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987)………………..13

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir, 1975)………………....11

*McGrath v. County of Nevada*, 67 F.3d 248, 256 (9th Cir. 1995)……………………12

*Miller ex rel. Miller v. San Mateo-Foster City Unified Sch. Dist.*, 318 F. Supp. 2nd 851, 864 (N.D. Cal. 2004)………………………………………………………..8

*Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996)……………………10

*Sam K. ex rel. Diane C. v. Hawaii Dept. of Educ.*, 788 F.3d 1033, 1041 (9th Cir. 2015)…………………………………………………....……....13

*Schwartz v. Sec'y of Health and Huan Servs.*, 73 F.3d 895, 908 (9th Cir. 1995)……14

*Shapiro v. Paradise Valley Unified Sch. Dist.* No. 69, 374 F.3d 857, 865 (9th Cir. 2004)……………………………………………………………..…...8

*Staton v. Boeing Co.*, 327 F.3d 938, 965 (9th Cir. 2003)……………………………10

*Wright v. Tehachapi Unified Sch. Dist.*, No. 16-CV-01214-JLT, 2017 WL 3334015 (E.D. Cal. Aug. 4, 2017)……………………………………………………..…..12

Federal Regulations:

20 U.S.C. § 1415(i)(3)(B)……………………………………………………..7

Other Authorities:

*Capistrano Unified School District v. S.W., et al.*, 2022 WL 872337, at 4…………...13

*C.J. v. Bellflower Unified Sch. Dist.*, 2020 U.S. Dist. LEXIS 121887, 2020 WL 3893238, at 12………………………………………………………….......13

*Irvine Unified School District v. Sharon Landers, et al.*, 2021 WL 4572016, at 4…....………………………………………………………………...13

*Irvine Unified School District v. K.G., et al.*, 2017 WL 8294214, at 5……………………….…………………………...………..…….…14

*Irvine Unified School District v. K.G., et al*, 2:10-cv-01431-JVS (MLGx) (C.D. Cal.), ECF 148-2…………………………………………………...……14

# I. PROCEDURAL BACKGROUND

This action is a claim for payment of reasonable attorneys' fees as Plaintiff was found to be a prevailing party in an administrative hearing pursuant to 20 U.S.C. § 1415(i)(3). At all times relevant to this matter and the underlying administrative hearing, R.Q. ("Student") has resided with Parent N.H. in the State of California, County of Riverside.

Student is eligible for special education and related services as defined by the IDEA. During the 2021/2022 school year, Student began attending the Gateway College and Career Academy, a public charter school ("Charter"). Prior to enrollment, the Charter was informed that Student had an individualized education program ("IEP"), and upon enrollment, Parent provided an outline of the last agreed upon and implemented services to the Charter along with the relevant IEP documents. These services included, among others, intensive individualized services in the form of a special circumstance instructional aide, specialized academic instruction, occupational therapy services, and speech and language services. However, instead of administratively developing an IEP for Student comparable to his previously consented-to IEP, the Charter provided Parent with an Independent Study Master Agreement, that significantly reduced the amount of academic instruction Student would receive. From November 2021 to February 2022, the Charter provided Student a total of four hours per week of instructional time. From February 2022 to August 2022, the Charter provided Student eight total hours of instructional time, and in August 2022, it provided Student a total of ten hours of instructional time. The Charter did not address Student's educational needs or an appropriate amount of instructional hours for Student within an IEP meeting as required by law. Rather, the Charter repeatedly failed to convene an IEP meeting to provide Student with its offer of educational programming. As such, instead of developing an appropriate educational program consisting of goals, school placement, services, and accommodations, with parent input, the Charter created an informal educational program, denying Student his right to a free appropriate public education ("FAPE").

On or about August 26, 2022, Student filed a special education due process complaint against the Charter with the Office of Administrative Hearings ("OAH") – the state agency responsible for administering due process hearings. Student's due process complaint was designated OAH Case No. 2022080821 ("OAH Action"). Administrative Law Judge ("ALJ") Jennifer Kelly ("ALJ Kelly") presided over the hearing on January 18, 19, and January 24-27, 2023 ("OAH Hearing"). Written closing arguments were submitted by both parties, and ALJ Kelly rendered her decision on or about March 22, 2023, finding that Student prevailed on the gravamen of his complaint, finding that the Charter failed to offer Student a formal IEP within 30 days of his enrollment, outlining his goals, modifications, accommodations, and services, thereby significantly impeding Parent's ability to participate in the decision-making process and development of an IEP for Student, and that the Charter's failure to offer Student an IEP resulted in a loss of educational opportunity, depriving Student of educational benefit in the areas of academics, speech and language, and occupational therapy, finding that the informal program the Charter provided to Student during the 2021-2022 school year, was insufficient to meet Student's unique needs in these areas. ALJ Kelly held that these procedural violations significantly impeded Parent's opportunity to participate in the decision-making process regarding the provision of a FAPE to Student and denied Student an educational benefit.

As part of the OAH Decision, ALJ Kelly ordered the Charter to provide 96 hours of compensatory individual specialized academic instruction from a credentialed special education teacher, to be provided by a nonpublic agency; to provide 24 hours of compensatory speech and language services to be provided by a non-public agency; to provide 12 hours of compensatory occupational therapy consultative services from a certified nonpublic agency; to provide 4 hours of special education training from an independent institution not affiliated with the Charter, specializing in special education training to school districts, to its entire administrative and special education teaching

staff; to hold an interim IEP meeting and make an offer of educational programming; and to conduct a comprehensive reevaluation of Student.

As a prevailing party, Plaintiff is entitled to her attorneys' fees for the defense of the matter. 20 U.S.C § 1415(i)(3). Plaintiff has incurred $177,030.00 in fees.

A. A Prevailing Party Plaintiff is Entitled to Payment of her Reasonable Attorneys' Fees.

On or about March 27, 2023, Plaintiff's counsel sent the Charter a letter to the Charter requesting that the Charter reimburse Parent for reasonable attorneys' fees and costs incurred as the prevailing party. Plaintiff requested that the Charter pay the amount of $165,997.50 for Plaintiff's attorneys' fees. Since that time, Plaintiff's fees have increased. As a prevailing party, Plaintiff is entitled to her attorneys' fees. 20 U.S.C. § 1415(i)(3). The Charter has declined to pay the requested amount.

Plaintiff is a party aggrieved by the Charter's refusal to reimburse her for reasonable attorneys' fees incurred in regarding the underlying OAH Action. Because the Charter was unwilling to abide by its legal obligations to pay attorneys' fees, this action was filed.

## II. ARGUMENT

A.    Plaintiff May Recover Attorneys' Fees as a Prevailing Party.

Pursuant to the IDEA, this Court has the discretion to award reasonable attorneys' fees to a prevailing party who is the parent of a child with a disability. "In any action or proceeding under this section, the court, in its discretion, may award attorneys' fees as part of the costs – to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i)(I).

To receive an award of attorneys' fees, the party must be a "prevailing party" in a judicial action. Here, Plaintiff was found to be the prevailing party on the on the gravamen of the issues present in the OAH Action.

The United States Supreme Court has held that, "plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992); *see also, Buckhannon Bd. Of Care Home, Inc. v. W. Va. Dept. of Health & Human Resources*, 532 U.S. 598, 121 S. Ct. 1835 (2001) (stating that prevailing party status requires some "judicial imprimatur."). Similarly, then, Plaintiff in the OAH Action prevails at least where the legal relationship is altered by Court action and the opposing party's behavior changes in a way that benefits the other party.

Finally, the Ninth Circuit has established that Buckhannon's definition of "prevailing party" applies to the attorneys' fees provision of the IDEA. *Shapiro v. Paradise Valley Unified Sch. Dist*. No. 69, 374 F.3d 857, 865 (9th Cir. 2004). "Once the plaintiff has been deemed a prevailing party, a district court's discretion to entirely deny a request for attorneys' fees is **narrow**." *Miller ex rel. Miller v. San Mateo-Foster City Unified Sch. Dist.*, 318 F. Supp. 2nd 851, 864 (N.D. Cal. 2004) (citing *Abu-Sahyun v. Palo Alto Unified Sch. Dist.*, 843 F.2d 1250, 1252 (9th Cir. 1988)) (emphasis added).

Plaintiff is the "prevailing party" in this case because the holding from ALJ Kelley created an enforceable alteration of the legal relationship of the parties. *Buckhannon*, 532 U.S. at 604, 622. Plaintiff's primary objective in initiating the OAH Action was to ensure that Parent received the ability to meaningfully participate in the development of her child's educational programming and ensure that her child received appropriate educational programming that addressed his needs to gain a meaningful benefit from his education.

Plaintiff's other objectives were also accomplished, including OAH finding that the Charter had denied Student a FAPE by failing to offer Student a formal IEP sufficient

to meet his unique needs in academics, speech and language, and occupational therapy, thereby awarding compensatory education.

Plaintiff's prevailing party status created a legal obligation for the Charter to pay Plaintiff for her attorneys' fees. "[T]he prevailing party inquiry does not turn on the magnitude of the relief obtained." *Farrar*, 506 U.S. at 111, 113-14 (holding that a "prevailing party" need only "obtain an enforceable judgment against the defendant from whom fees are sought").

The legal relationship between the Parties was substantially altered when ALJ Kelly found that the Charter denied Student a FAPE by failing to offer Student a formal IEP within 30 days of his enrollment within the Charter that would outline his goals, modifications, accommodations, and services, and that the informal program the Charter provided to Student during the 2021-2022 school year, was insufficient to meet Student's unique needs in academics, speech and language, and occupational therapy. ALJ Kelly held that these procedural violations significantly impeded Parent's opportunity to participate in the decision-making process regarding the provision of a FAPE to Student and denied Student an educational benefit.

As a result of ALJ Kelly's decision, Student's mother was no longer required to have her child participate in educational programming that was not appropriate and denied an educational benefit. In addition, the finding that the Charter had denied Student a FAPE resulted in the Charter having to fund 132 hours of compensatory education, fund 4 hours of special education training to its entire administrative and special education teaching staff, conduct a comprehensive reevaluation of Student, and make an offer of educational programming for Student in an IEP meeting. Thus, the decision altered the relationship between the parties.

///

///

///

B.     <u>Plaintiff Should be Awarded Attorneys' Fees Because the Number of Hours Spent on the Action and the Hourly Rates are Reasonable</u>.

The "lodestar method" is "the fundamental starting point in determining a 'reasonable attorney's fee." *Christensen v. Stevedoring Servs. Of Am.*, 557 F.3d 1049, 1053 (9th Cir. 2009) (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)); see also *Staton v. Boeing Co.*, 327 F.3d 938, 965 (9th Cir. 2003) ("Under a fee-shifting statute, the court must calculate awards for attorneys' fees using the lodestar method…"). This method required a court to multiply "the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). The lodestar figure is presumptively reasonable. *Dague*, 505 U.S. at 562; *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009).

Adjustments to the lodestar are permitted only "if circumstances warrant," *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n. 4 (9th Cir. 2001), and are reserved for "rare" or "exceptional" cases. *Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006); *Cunningham v. County of Los Angeles*, 879 F.2d 481, 487 (9th Cir. 1988). Further, "[w]here a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally, this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified." *Hensley v. Eckert*, 461 U.S. 424, 435; 103 S.Ct. 1933, 1940 (1983).

Plaintiff was aggrieved by the Charter's refusal to reimburse them for reasonable attorneys' fees incurred in prevailing in the OAH Action. Due to the Charter's refusal to abide by its legal obligations and fund the full reimbursement for attorneys' fees, Plaintiff was required to file an action in district court. Plaintiff's attorneys were required to fully review Student's educational records, prepare correspondence, prepare a complaint, prepare motions to OAH, prepare prehearing conference statements, prepare and submit

exhibits for the OAH hearing, participate in the OAH hearing, prepare briefs, prepare joint scheduling reports, participate in various meetings, and advise as to legal strategy.

Plaintiff seeks attorneys' fees at the rate of $725 per hour for attorney Timothy A. Adams, $675 per hour for attorney Phillip W. VanAllsburg, and $550 per hour for attorney Andrea M. Blair.  See the April 5, 2024, Attorneys' Fees Invoice (related to the OAH Action) attached as Exhibit A.

For the period from October 7, 2021, through October 23, 2023, relating to the preparation for and prosecution of the OAH Action, Timothy A. Adams expended 3.4 billable hours, Phillip W. VanAllsburg expended 143.4 billable hours, and Andrea M. Blair expended 141.4 billable hours. The work performed was for tasks associated with the prosecution of the OAH Action, including but not limited to conferences, counseling the client, obtaining and reviewing records, performing legal research, reviewing case law, preparing exhibit binders, reviewing and Shepardizing cases, drafting motions and correspondence, and preparing for and attending the OAH hearing.

Pursuant to the lodestar rule [3.4 attorney Adams hrs. x $725) + (143.4 attorney VanAllsburg hrs. x $675) + (141.4 attorney Blair hrs. x $550)], Plaintiff seeks $177,030.00 in fees for work reasonably performed in the OAH Action.

### 1.    **Total Number of Billable Hours Is Reasonable**.

The courts consider twelve factors when determining the reasonableness of attorneys' fees:  (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal services properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (5) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir, 1975).

In this case, Plaintiff seeks a total of $177,030.00 for 288.2. billable hours. All time spent on this case was reasonably necessary and counsel made a good-faith effort to exclude from this fee request hours that were excessive, redundant, or otherwise unnecessary. For instance, the majority of the work performed was reviewing educational records, counseling the client, communications with the District's counsel throughout the entire process, performing legal research, reviewing case law, preparing exhibit binders, reviewing and Shepardizing cases, drafting motions and correspondence, drafting various briefs, and preparing for and attending the OAH hearing. Work related to the OAH Action was done over the course of two years, between October 2021 and October 2023.

The novelty and difficulty of this case pertain to special education law and require counsel with particular knowledge of both parents' and students' rights under the IDEA, the Code of Federal Regulations, and applicable California law, including procedures required by the Office of Administrative Hearings. The skill requisite to perform the work was significant, requiring analysis of the IDEA, the ability to analyze individualized education program meeting documents and various reports by experts in several education-related fields, in addition to general interpretation of the law. See Declarations of Timothy A. Adams, Phillip W. VanAllsburg, and Andrea M. Blair.

In addition, Plaintiff chose to retain Adams & Associates, with the knowledge that more than one attorney would be working on the case. Courts within the Ninth Circuit have recognized previously that "the participation of more than one attorney does not necessarily constitute an unnecessary duplication of effort." *Wright v. Tehachapi Unified Sch. Dist.*, No. 16-CV-01214-JLT, 2017 WL 3334015, at 13 (E.D. Cal. Aug. 4, 2017) (quoting *McGrath v. County of Nevada*, 67 F.3d 248, 256 (9th Cir. 1995)). The meetings between attorneys in the firm were necessary and actually reduced the amount of attorneys' fees expended for this case, by reducing the amount of time that a single attorney would need to spend on researching and developing case strategy on his or her own.

///

**PLAINTIFF'S OPENING BRIEF**
- 12-

**2.    The Hourly Rates Sought by Plaintiff Reflect the Prevailing Market
Rate in the Community**.

In general, "[t]he prevailing market rate in the community is indicative of a
reasonable hourly rate." *Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir.
1987).  "The established standard for determining a reasonable hourly rate is the rate
prevailing in the community for similar work performed by attorneys of comparable skill,
experience, and reputation." *Camacho v. Bridgeport Fin. Inc.*, 523 F.3d 973, 979 (9th
Cir. 2008). "District courts may also use their 'own knowledge of customary rates and
their experience concerning reasonable and proper fees.'" *Sam K. ex rel. Diane C. v.
Hawaii Dept. of Educ.*, 788 F.3d 1033, 1041 (9th Cir. 2015) (quoting *Ingram v.
Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011)).

In 2020, the United States District Court for the Central District of California found
that the rates of $575 per hour for Mr. Adams and $475 per hour for Mr. VanAllsburg
were reasonable and consistent with the prevailing rates in the community for comparable
legal services. *C.J. v. Bellflower Unified Sch. Dist.*, 2020 U.S. Dist. LEXIS 121887, 2020
WL 3893238, at 12.

In 2021 and 2022, the United States District Court for the Central District of
California again found that the rates of $575 per hour for Mr. Adams and $475 per hour
for Mr. VanAllsburg were reasonable based on the attorneys' years of experience and
specialized skills. *Irvine Unified School District v. Sharon Landers, et al.*, 2021 WL
4572016, at 4; *Capistrano Unified School District v. S.W., et al.*, 2022 WL 872337, at 4.

Mr. Adams' hourly rate of $575 dates to November 2016 and Mr. VanAllsburg's
hourly rate of $475 dates to January 2015. Their rates have since increased for this matter
to the respective hourly rates of $725 and $675 referenced in this Brief to be
commensurate with their experience and the legal market.

The Declarations of Danielle Augustin and Meldie Moore also attest to the
reasonableness of the hourly rates sought. The Declaration of Ms. Augustin identifies that
she charges between $575 to $675 per hour for educational matters. Ms. Augustin

identified that her rates are within the range of similarly skilled and experienced counsel and are, in fact, lower than many of her colleagues with similar experience. Ms. Augustin further expressed in her Declaration that she is aware of the community rates in special education matters, where similarly trained and experienced attorneys charge $350 to $700 and higher. The Declaration of Ms. Moore identifies that she charges $700 per hour for due process hearings. Ms. Moore also identified that her rate is within the range of similar skills and experienced counsel. See Declarations of Ms. Augustin and Ms. Moore filed concurrently with this Brief.

A 2017 order from the United States District Court Central District of California, found that attorneys' fees of up to $750 per hour were reasonable within the Central District for special education litigation. In the United States District Court's September 18, 2017 "Amended Order Granting in Part and Denying in Part K.G.'s Motion for Attorneys' Fees," the Court found attorneys' fees of up to $750 per hour reasonable. *Irvine Unified School District v. K.G., et al.,* 2017 WL 8294214, at 5. In *Irvine Unified School District v. K.G.*, despite having been licensed to practice law since 1977, the primary attorney for the District Court and Ninth Circuit matters, Marcy Tiffany, had only been practicing special education law since 2000. Notice of Motion and Motion for Attorney Fees, Declaration of Marcy J.K. Tiffany. *Irvine Unified School District v. K.G., et al*, 2:10-cv-01431-JVS (MLGx) (C.D. Cal.), ECF 148-2. Ms. Tiffany's years of experience in special education law are comparable to Mr. Adams, who has been practicing special education law exclusively for over twenty-two years. See Declaration of Mr. Adams filed concurrently with this Brief.

Further, courts determine the reasonableness of the hourly rate by "considering the experience, skill, and reputation of the attorney requesting fees." *Schwartz v. Sec'y of Health and Huan Servs*., 73 F.3d 895 908 (9th Cir, 1995) (citations and internal quotes omitted). Taking into account that Mr. Adams has practiced almost exclusively in the field of special education law for over 20 years, his hourly rate of $725 is reasonable. Phillip VanAllsburg has been practicing special education law for over twelve years, and

Andrea Blair has experience with special education law from working as a post-graduate law clerk before practicing as an attorney and the respective hourly rate of $550 is reasonable given her experience. As such, the rates requested by Plaintiff are reasonable.

Because Plaintiff is a prevailing party, and because the number of hours worked and the hourly rates sought are reasonable, this Court should order the Charter to reimburse Plaintiff for her attorneys' fees and costs in full.

### 3. Plaintiff Was Forced to Pursue Attorneys' Fees in Court Because the Charter Refused to Pay a Reasonable Sum.

In addition, because the Charter refused to pay reasonable attorneys' fees to Plaintiff after her request for attorneys' fee reimbursement following the OAH decision, Plaintiff was forced to pursue this court action to collect. On or about March 27, 2023, Plaintiff's counsel sent the Charter a letter requesting that the Charter reimburse the family for reasonable attorneys' fees and costs incurred. Plaintiff requested that the Charter pay Plaintiff's attorneys' fees. The Charter declined to pay the requested amount.

The Charter contends that the settlement offer made on or around November 29, 2022 was more favorable to Student than what ALJ Kelly ordered in her decision. However, the Charter's offer included an overly broad waiver of claims and was not narrowly tailored to the OAH Action, and was beyond what OAH adjudicated. Acceptance of the Charter's offer would have required Plaintiff to waive future claims. Accordingly, Plaintiff was substantially justified in rejecting the settlement offer.

///
///
///
///
///
///
///

### III.    CONCLUSION

Based on the foregoing, Plaintiff believes that the preponderance of the evidence requires a finding and order that:

1. Plaintiff be awarded her reasonable attorneys' fees as a prevailing party in the OAH Action in the amount of $177,030.00.

2. That, upon the successful prosecution of this matter, Plaintiff be awarded her reasonable attorneys' fees as a prevailing party in this appeal.

3. For such other and further relief as the Court deems just and proper.


Dated:  April 5, 2024                    TIMOTHY A. ADAMS & ASSOCIATES, APLC



                                         By:  _____
                                         Timothy A. Adams
                                         Andrea M. Blair
                                         Madeline L. Knutson
                                         Attorneys for Plaintiff,
                                         N.H.