UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:23-cv-01051-SSS-SHKx | Date | October 7, 2024 |
|---|---|---|---|
| Title | *N.H. v. Gateway College & Career Academy* | | |

Present: The Honorable   SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):   Attorney(s) Present for Defendant(s):
None Present   None Present

**Proceedings:   (IN CHAMBERS) ORDER GRANTING, IN PART, PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES [DKT. 32]**

## I.   INTRODUCTION

Plaintiff R.Q.'s parent, N.H., requests attorneys' fees related to an administrative decision from the Office of Administrative Hearings related to a complaint filed under Individuals with Disabilities Act.  [Dkt. 32].  Defendant Gateway College and Career Academy oppose.  [Dkt. 33].  Having reviewed the parties' arguments, relevant legal authority, and record in this case, N.H.'s request for attorneys' fees is **GRANTED, IN PART**.

## II.   BACKGROUND

Because the parties are familiar with the administrative record, the Court does not recite the facts of this case here.  The Court will only discuss the relevant facts necessary for its decision below in its discussion.

## III. DISCUSSION

### A. Reduction of Attorneys' Fees Incurred After Settlement Offer

Gateway first argues that N.H. should only be awarded attorneys' fees incurred before the settlement offer was made.

Under the Individuals with Disabilities and Education Act, a court may award "reasonable attorneys' fees as part of the costs to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i)(I). A court may decline to reimburse attorneys' fees for "services performed subsequent to the time of a written offer of settlement to a parent if—(I) the offer is made within the time prescribed by Rule 68 of the Federal Rules of Civil Procedure or, in the case of an administrative proceeding, at any time more than 10 days before the proceeding begins; (II) the offer is not accepted within 10 days; and (III) the court or administrative hearing officer finds that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement." *Id.* § 1415(i)(3)(D)(i)(I)–(III). A prevailing parent may nevertheless recover attorneys' fees incurred after a settlement offer if she was "substantially justified" in rejecting it. *Id.* § 1415(i)(3)(E).

The parties do not dispute Gateway made a statutory settlement offer more than 10 days before the administrative proceeding; they do not dispute that N.H. did not accept the offer within 10 days; and surprisingly, N.H. does not meaningfully dispute that the settlement offer was more favorable than the relief finally obtained.[1]

---

[1] N.H. does little to respond to Gateway's argument that the settlement offer's terms were more favorable than the relief finally obtained. After a thorough review of the opening and reply briefs, N.H.'s sole response was the following:

> As already stated in Plaintiff's Opening Brief, Plaintiff's primary objective in initiating the underlying OAH action was to ensure that her child received an appropriate educational program that addressed his needs and ensured her meaningful participation in the development of (continued . . .)

N.H. nevertheless argues she is entitled to attorneys' fees incurred after the settlement offer because she was substantially justified in rejecting the offer since it contained a broad waiver of claims. She contends the waiver was overly broad because "it was beyond what OAH would adjudicate by including a waiver that extended to claims not raised in the OAH action[.]" [Reply at 7].

The Court is unpersuaded that N.H. was substantially justified in rejecting the settlement offer because of the waiver of claims. The language of the waiver includes standard terms for settlement, and it limited its scope only to those claims that were raised or could have been raised in relation to the allegations made in the underlying administrative complaint. The waiver of claims did not forfeit R.Q.'s rights for any claim unrelated to the underlying administrative complaint. Moreover, N.H.'s belated attempt to explain now why she rejected the offer is not well taken. To the extent she was concerned about waiving claims not raised in the administrative complaint, she could have raised this issue with Gateway or could have counter offered by striking the undesirable language from the waiver. *See Beauchamp v. Anaheim Union High School Dist.*, 816 F.3d 1216, 1223 (9th Cir. 2016) (concluding parents were not substantially justified in rejecting settlement offer where they did not attempt to seek clarification of settlement offer's terms and did not make a counteroffer). Despite having ample time to do either, N.H. did not do so. In fact, she did not provide any explanation for why she rejected the offer. And to the extent N.H. claims the settlement offer would have waived claims that were not addressed in the administrative complaint, she fails to offer examples of the types of claims she would have desired to retain but for the broadly worded waiver.

Accordingly, because N.H. was not substantially justified in rejecting the settlement offer, she is barred from receiving attorneys' fees incurred after the

---

> her child's educational programming. (Opening Brief, DKT 32, at 99). Plaintiff's other objectives were also accomplished, including ALJ Kelly finding that the Charter had denied Student a Free Appropriate Public Education ("FAPE") by failing to offer Student a formal Individualized Education Program ("IEP") sufficient to meet his unique needs in academics, speech and language, and occupational therapy, thereby awarding compensatory education. (*Id*. at 99-100).

[Reply at 6]. Not only does this statement fail to adequately explain why the settlement offer was not more favorable to the relief finally obtained, it also cites to arguments on pages that do not even exist.

settlement offer. Thus, N.H. is entitled to only $18,842.50 in attorneys' fees incurred before the settlement offer was made.

### B. Reduction of Attorneys' Fees for Limited Success

Gateway further contends the $18,842.50 should be further reduced by 50% because N.H. prevailed on only two of the four issues raised in the administrative complaint and was denied two of the three types of relief she sought. N.H. argues that, although she only prevailed on the two issues, those issues were the gravamen of the administrative complaint and justify a full award of attorneys' fees.

The Court has discretion to reduce attorneys' fees to account for a plaintiff's limited success of litigating their administrative case. *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983); *see also Aguirre v. L.A. Unified Sch. Dist.*, 461 F.3d 1114, 1121 (9th Cir. 2006) (adopting *Hensley*'s standard for assessing whether attorneys' fees should be awarded for unsuccessful claims). "A reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Hensley*, 461 U.S. at 440. This rule "is broad enough, in appropriate cases, to permit an award of full fees even where a party did not prevail on every contention." *Aguirre*, 461 F.3d at 1121. When deciding how much to reduce attorneys' fees, the Court may either identify the number of hours that should be eliminated, or it may simply reduce the award to account for the limited success. *Id.*

Here, the Court finds that the attorneys' fees should be further reduced by 20% for N.H.'s inability to prevail on two of the claims as discussed in the ALJ's administrative opinion. [*See generally* Dkt. 33-2]. Accordingly, after a 20% reduction, N.H.'s current attorney's fees equal $15,074.00.

### C. Reduction of Attorneys' Fees for Improper Entries

Gateway further argues the $15,074,00 should be further reduced because many of the billed entries are unrelated with the administrative hearing. According to Gateway, there are five categories of entries that warrant reduction: (1) attorneys' fees incurred before R.Q. was enrolled at Gateway; (2) an entry relating to a "stay put" demand, an issue on which the Administrative Law Judge ruled against N.H.; (3) "[m]any" unspecified entries relating to the scheduling and discussion of N.H.'s IEP team meeting; (4) "[m]any" unspecified entries that are vague or have no evidence connection any dispute with Gateway; and (5) unidentified entries that are allegedly unrelated to the administrative complaint. [Opp'n at 22–23]. N.H. largely fails to address these categories of entries, instead

focusing on to the category pertaining to the scheduling and discussion of N.H.'s IEP team meeting.  [*See* Reply at 12].

After reviewing the identified entries, the Court finds that the only category of entries that warrant further reduction are those incurred before R.Q. was enrolled in Gateway and from which largely do not pertain to R.Q.'s IEP.  Those four entries amount to a total of $1,012,50.  Thus, the attorneys' fees that will be awarded after this reduction will equal $14,061,50.

## IV.   CONCLUSION

For the above reasons, N.H.'s request for attorneys' fees under the IDEA is **GRANTED, IN PART** in the amount equal to $14,061.50.

Plaintiff is **DIRECTED** to lodge a proposed judgment in accordance with this Order on or before October 15, 2024 and shall immediately email the Word proposed judgment to SSS_Chambers@cacd.uscourts.gov.

**IT IS SO ORDERED.**